J. COCKBURN v. THE STATE.

1—An affidavit for a first continuance in a prosecution for horse stealing alleged that by an absent witness the defendant could prove that he did not steal, take or carry away the horse, but that he traded for him. *Held,* that the affidavit was insufficient in not showing the circumstances attendant upon the pretended purchase, or when, where, or from whom the purchase was made; and the conviction being well sustained by the evidence adduced at the trial, this court affirms the judgment.

APPEAL from Lampasas.    Tried below before the Hon. A. J. Evans.

In his showing for a first continuance the defendant deposed that by one George Thompson, a witness absent without his consent, he could prove that "he (defendant) did not take, steal or carry away the horse alleged to have been stolen in the indictment in this cause, and that said witness saw this defendant trade for said horse."

The court below overruled the application, and the witness was convicted on the evidence of three witnesses introduced by the State.

No brief for the appellant.

*E. B. Turner,* Attorney General, for the State.

CALDWELL, J.—It does not appear to this court that an application for a first continuance, on account of the absence of a particular witness, by whom the defendant expects to prove that he "did not steal the horse," but "traded" for

him, without stating some of the attending circumstances, is sufficient. To have been material the affidavit should have shown from whom the defendant purchased, when, and where purchased. If the witness had been present, and testified that the defendant purchased the horse, without some further fact it would not have been "material." When arrayed against the circumstantial affirmative testimony of three witnesses, this court will not interfere with the discretion of a judge, unless it appears that injustice has been done. The evidence fully sustains the verdict. The judgment is affirmed.

Affirmed.